**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 11-4653

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO RENE RAMIREZ-MORAZAN,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Malcolm J. Howard, Senior District Judge. (5:11-cr-00018-H-1)

Argued: December 7, 2012          Decided: January 8, 2013

Before WILKINSON, AGEE, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Stephen Clayton Gordon, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. Joshua L. Rogers, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee. **ON BRIEF:** Thomas P. McNamara, Federal Public Defender, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Kristine L. Fritz, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Rene Ramirez-Morazan entered a guilty plea to one count of unlawful entry into the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). The district court sentenced Ramirez-Morazan to a term of 46 months' imprisonment, at the low end of his advisory Sentencing Guidelines range. On appeal, Ramirez-Morazan primarily contends that the district court committed procedural error in allegedly stating that it lacked authority to impose a lower sentence under 18 U.S.C. § 3553(a), on the basis that the district in which he was sentenced did not have a "fast track" sentencing program.[1] Upon our review, we hold that the district court did not commit procedural error, and we affirm the district court's judgment imposing sentence on Ramirez-Morazan.

---

[1] "'Fast-tracking' refers to a procedure originally approved for use in states along the United States-Mexico border, where district courts experienced high caseloads as a result of immigration violations." United States v. Perez-Pena, 453 F.3d 236, 238 (4th Cir. 2006). Federal prosecutors employing this procedure seek pre-indictment guilty pleas from eligible individuals in exchange for a motion for downward departure under § 5K3.1, p.s., of the United States Sentencing Guidelines Manual. Under directive of the United States Department of Justice, this procedure now is approved for use by federal prosecutors throughout the United States. Memorandum from James M. Cole, Deputy Attorney General, to all United States Attorneys (Jan. 31, 2012), available at: http://www.justice.gov/dag/fast-track-program.pdf.

I.

In August 2009, Ramirez-Morazan was arrested in Raleigh, North Carolina, on drug-trafficking charges. Thereafter, United States Immigration and Customs Enforcement officers initiated a "background" investigation of Ramirez-Morazan, which determined the following facts. Ramirez-Morazan, a citizen of El Salvador who was living in the United States illegally, had been deported on three prior occasions: from California in 1992, from Texas in 1993, and from Arizona in 2002. Among other criminal convictions, Ramirez-Morazan had a California state felony conviction in 1991 for "Possession of Marijuana for Sale" (the marijuana conviction).

In January 2011, Ramirez-Morazan was charged in the United States District Court for the Eastern District of North Carolina on one count of being present unlawfully in the United States after having been deported on each of three prior occasions, and after having been convicted of an aggravated felony, namely, the marijuana conviction, all in violation of 8 U.S.C. § 1326(a) and (b)(2). Ramirez-Morazan pleaded guilty to the charge as stated in the indictment.

A presentence report (the PSR) was prepared for Ramirez-Morazan, in which the probation officer recommended an advisory Guidelines range of between 46 and 57 months' imprisonment. At the sentencing hearing, the district court adopted the PSR's

3

findings without objection. The court also discussed Ramirez-Morazan's background, expressing concern about his three prior deportations and his criminal history involving the felony marijuana conviction.

During the hearing, Ramirez-Morazan initially asked the district court "to consider the disparity" caused by "the lack of any kind of fast track or early dispositions program in this district compared to other districts." He argued that he "may qualify for one or more of the different types of programs," because, among other things, he promptly pleaded guilty and otherwise cooperated with prosecutors, and also was willing to be deported immediately. Ramirez-Morazan contended that the purposes of sentencing could be achieved by imposition of a lower sentence in his case, just as those sentencing purposes are fulfilled when similarly-situated defendants in other districts are sentenced under fast track programs.

The district court stated, "I don't have that authority." The court further stated that "there are districts with the fast track program," but that "[o]ur district has never had that issue or had that authority, and so I can't depart on that basis."

In response, Ramirez-Morazan clarified that he was "not asking the Court to proclaim a fast track sentence." He explained that, instead, he was asking the court to "take []

4

into consideration under 3553(a)" the disparity created by the lack of a fast track program in the district, his cooperative behavior in this case, and his willingness to be deported immediately. Ramirez-Morazan thereafter asked the district court to impose a lower sentence on those grounds.

The district court did not directly address this argument. The court considered Ramirez-Morazan's advisory Guidelines range and the factors set forth in § 3553(a), and imposed a sentence of 46 months' imprisonment. Ramirez-Morazan timely appealed.

## II.

We review a sentence imposed by a district court under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). In conducting our review, "we must first ensure that the district court has not committed any 'significant procedural error.'" United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012) (citation omitted). Such procedural errors include "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." United States v. Susi, 674 F.3d 278, 282 (4th Cir. 2012) (quoting Gall, 552 U.S. at 51). Only after we determine

5

that a sentence was imposed without significant procedural error do we consider its substantive reasonableness.[2] United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Ramirez-Morazan's main contention on appeal is that the district court committed procedural error: (1) by allegedly stating that it lacked "authority" under § 3553(a) to consider sentencing disparities resulting from the absence of a fast track sentencing program in a particular district; and (2) by rejecting the defendant's request for a sentence below his Guidelines range. According to Ramirez-Morazan, this type of sentencing disparity is a permissible consideration under Kimbrough v. United States, 552 U.S. 85 (2007). Thus, Ramirez-Morazan contends that Kimbrough casts doubt on our decision in United States v. Perez-Pena, 453 F.3d 236, 243-44 (4th Cir. 2006), in which we held that sentencing disparities resulting from the limited availability of fast track sentencing programs were not "unwarranted" disparities, within the meaning of § 3553(a)(6), and thus could not serve to support sentence variances on that basis.

We do not address the merits of this argument, however, because the argument is based on a false premise. The record

---

[2] Because Ramirez-Morazan does not contest the substantive reasonableness of his sentence, we limit our discussion to the procedural reasonableness inquiry.

before us refutes Ramirez-Morazan's characterization of the district court's ruling. The sentencing hearing transcript, quoted in relevant part above, reflects that the district court did not indicate that it lacked "authority" to consider under § 3553(a) sentencing disparities resulting from the availability of a fast track sentencing program in a given district. Rather, the district court's statement that it lacked "authority" related to Ramirez-Morazan's initial argument that he should receive a below-Guidelines sentence simply because he met the requirements of fast track programs available in other districts.

We conclude that the district court did not commit procedural error in its application of § 3553(a). The court was not required to "robotically tick through" every subsection of § 3553(a), United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006), as long as the court conducted an "individualized assessment based on the facts presented," Gall, 552 U.S. at 50. Despite Ramirez-Morazan's conclusory statement to the contrary, the district court gave adequate, individualized consideration to his offense, his criminal history, and his background, and

imposed a sentence only after weighing the advisory Guidelines range and the § 3553(a) factors.[3]

We also have considered Ramirez-Morazan's other arguments, and we conclude that they have no merit.[4]  Accordingly, we affirm the district court's judgment imposing sentence on Ramirez-Morazan.

AFFIRMED

---

[3] Ramirez-Morazan's argument that the district court treated the Guidelines as mandatory also is refuted by the record.  The court recognized that the Guidelines were "advisory," and stated that the sentence was imposed in conformance with United States v. Booker, 543 U.S. 220 (2005).

[4] At oral argument, Ramirez-Morazan argued that the district court erred under United States v. Lynn, 592 F.3d 572 (4th Cir. 2010), because the court did not address adequately the issue whether the absence of a fast track program in the district could be considered under § 3553(a).  Ramirez-Morazan also argued that if the district court thought that it lacked authority to depart below Ramirez-Morazan's recommended Guidelines range because he was not sentenced in a fast-track district, that conclusion also constituted procedural error under Kimbrough.  These issues are waived, however, because they were not raised in Ramirez-Morazan's opening brief on appeal. See United States v. Hudson, 673 F.3d 263, 268 (4th Cir. 2012).